Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>TECHNOVARE SYSTEMS, INC., a California corporation; and BARRY HSIEH, an individual,<br><br>            Defendants. | Case No. SA 14-cv-00580 AG-(JPRx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

Having received and considered the parties' Stipulation for Entry of Protective Order, and good cause appearing,

THE PARTIES ARE HEREBY ORDERED to abide by the terms and conditions agreed upon in the Stipulation as follows:

1.     This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests,

1   (collectively, "RECORDS") which the disclosing party designates as

2   "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter

3   furnished, directly or indirectly, by or on behalf of any party in connection with this

4   action.

5         2.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or

6   "RESTRICTED MATERIAL," a party shall make such a designation of

7   CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for

8   RECORDS which that party in good faith believes contain information which is not

9   public, such as trade secret or other confidential, competitive or proprietary

10  business information used by it in, or pertaining to, its business which the party

11  takes appropriate efforts to keep confidential or which the party is otherwise

12  required to keep confidential by agreement or law.  "CONFIDENTIAL

13  MATERIAL" includes but is not limited to information which, if disclosed, would

14  be adverse to either party's respective business advantages against their

15  competitors, such as, but not limited to, undermining the investigation of the

16  making or distribution of counterfeit and infringing copies of plaintiff Microsoft

17  Corporation's software and components or disclosed confidential financial

18  information regarding defendants' sales and other financial information.  For a

19  designation of RECORDS as "RESTRICTED MATERIAL," the party must

20  additionally believe in good faith that the RECORDS must be protected from

21  disclosure to the parties themselves in this litigation and must be subject to the

22  restricted disclosure provided for below because such RECORDS are comprised of

23  and/or contain highly sensitive competitive business information.  Such information

24  includes, but is not limited to, the security features of the plaintiff's property (*e.g.*,

25  software and components) and plaintiff's cyberforensics, which if disclosed would

26  facilitate the creation, manufacture, duplication, and/or distribution of counterfeit

27  and infringing copies of that party's property by the other party.  CONFIDENTIAL

28  MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose

1  of conducting this litigation.  However, no RECORDS which evidence the
2  acquisition of plaintiff's software and components by the defendants, including but
3  not limited to invoices and purchase orders, shall be designated as
4  CONFIDENTIAL MATERIAL OR RESTRICTED MATERIAL.
5      3.    RECORDS designated as CONFIDENTIAL MATERIAL may be
6  disclosed only to the following persons:
7      a.    in-house (or corporate) legal counsel, and outside attorneys
8  retained specifically for this action, and fellow employees of such in house legal
9  counsel and outside attorneys to whom it is reasonably necessary to disclose such
10 CONFIDENTIAL MATERIAL;
11     b.    any parties to this action who are individuals, and the
12 employees, directors or officers of parties to this action who are corporations or
13 partnerships, to the extent necessary to further the interest of the parties in this
14 litigation;
15     c.    its author, its addressee, and any other person indicated on the
16 face of the document as having received a copy;
17     d.    any employee, or former employee, of any sender or recipient of
18 the document (e.g., where a Purchase Order from Company A to Company B is
19 produced in litigation by Company A, said document may be disclosed to
20 employees of Company B under the terms of this Protective Order).
21     e.    any person not employed by a party who is expressly retained or
22 sought to be retained by any attorney described in paragraph 3(a) to assist in
23 preparation of this action for trial, with disclosure only to the extent necessary to
24 perform such work;
25     f.    any mediator or settlement officer, whom the parties have
26 elected or consented to participate in the case;
27     g.    any witnesses who appear for deposition in this matter, and their
28 counsel of record, during the course of their testimony, upon the witness being

3.

1   advised of the need and agreeing to keep the RECORDS confidential; and

2           h.    the Court.

3       4.    RECORDS designated as "RESTRICTED MATERIAL" may be

4   disclosed only to the following persons:

5           a.    in-house (or corporate) legal counsel, and outside attorneys

6   retained specifically for this action, and fellow employees of such in-house legal

7   counsel and outside attorneys to whom it is reasonably necessary to disclose such

8   RESTRICTED MATERIAL;

9           b.    any person not employed by a party who is expressly retained or

10   sought to be retained by any attorney described in paragraph 4(a) to assist in

11   preparation of this action for trial, with disclosure only to the extent necessary to

12   perform such work;

13           c.    any mediator or settlement officer, whom the parties have

14   elected or consented to participate in the case;

15           d.    any witnesses who appear for deposition in this matter, and their

16   counsel of record, during the course of their testimony, upon the witness being

17   advised of the need and agreeing to keep the RECORDS confidential; and

18           e.    the Court.

19       5.    The persons described in paragraphs 3(e) and 4(b) shall have access to

20   the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have

21   been made aware of the provisions of this Order and have manifested their assent to

22   be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A

23   list shall be prepared by counsel for the parties hereto of the names of all such

24   persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is

25   disclosed, or to whom the information contained therein is disclosed, and such list

26   shall be available for inspection by the Court and opposing counsel upon request.

27   The other persons described in paragraphs 3 and 4 shall have access to the

28   CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the

41826-5600.0110/LEGAL122799409.1

terms of this Order without signing a copy of the annexed
"ACKNOWLEDGEMENT."  Similar but separate lists shall also be prepared with
respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided
by third parties.  At the time of the termination of this lawsuit by settlement,
judgment or otherwise, the parties hereto shall provide other counsel with a copy of
the pertinent aforementioned lists upon request.  The persons receiving
CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from
disclosing it to any other person, except in conformance with this Order.  This
Stipulation will not require the disclosure of experts other than by Local Rule,
Federal Rule of Civil Procedure, and/or Court Order.

6.     Each individual who receives any CONFIDENTIAL MATERIAL or
RESTRICTED MATERIAL under this Order and has agreed to be bound by its
terms, hereby agrees to subject himself/herself to the jurisdiction of this Court for
the purpose of any proceedings relating to the performance under, compliance with
or violation of this Order.

7.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED
MATERIAL that is provided under this Order and who has agreed to be bound by
its terms shall maintain such RECORDS in a secure and safe area and shall exercise
the same standard of due and proper care with respect to the storage, custody, use
and/or dissemination of such RECORDS as is exercised by the recipient with
respect to its own proprietary information.

8.     Parties shall designate CONFIDENTIAL MATERIAL or
RESTRICTED MATERIAL as follows:

a.     In the case of RECORDS produced pursuant to Rules 26 and 34
of the Federal Rules of Civil Procedure, interrogatory answers, responses to
requests for admissions, and the information contained therein, designation shall be
made by placing the following legend on any such RECORD prior to production:
"CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."

5.

b.       In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c.       The "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" designation should be used as sparingly as possible and placed on or next to only the specific item or portion of a document or transcript that is designated as such.

9.       If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection for such material under this Order. Upon timely correction of a designation, the recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10.       A party that seeks to file any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL must comply with Civil Local Rule 79-5.1 and any Standing Order of Judge Guilford.

11.       A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from

6.

1   the Court, but must comply fully with Local Rules 37-1 and 37-2, including the

2   Joint Stipulation requirement.

3       The burden of proving that RECORDS have been properly designated as

4   CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the

5   party making such designation.

6       12.    Nothing in this order shall preclude any party to the lawsuit, their

7   attorneys or any other person from disclosing or using, in any manner or for any

8   purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are

9   lawfully obtained from a third party, even though the same RECORDS may have

10  been produced in discovery in this lawsuit and designated as CONFIDENTIAL

11  MATERIAL or RESTRICTED MATERIAL.

12      13.    Nothing in this order shall preclude any party to the lawsuit or their

13  attorneys (a) from showing RECORDS designated as CONFIDENTIAL

14  MATERIAL or RESTRICTED MATERIAL to an individual who either prepared

15  or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing

16  or using, in any manner or for any purpose, RECORDS from the party's own files

17  which the party itself has designated as CONFIDENTIAL MATERIAL or

18  RESTRICTED MATERIAL.

19      14.    Within sixty (60) days of the termination of litigation between the

20  parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and

21  all copies thereof, except such copies which have been filed with the Court, utilized

22  in accordance with this Order, or which are and will continue to be maintained in a

23  secure place pursuant to the continuing obligations of this Order, shall be returned

24  to the party which produced it or shall be destroyed.

25      15.    Except as specifically provided herein, the terms, conditions and

26  limitations of this Order shall survive the termination of this action at the option of

27  the designating party.

28      16.    This Order is without prejudice to the right of any party to seek relief

7.

from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

     IT IS SO ORDERED.


DATED:  August 6, 2014

By: _____
    HON. JEAN P. ROSENBLUTH
    United States Magistrate Judge

41826-5600.0110/LEGAL122799409.1

A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on July __, 2014 in <u>Microsoft Corp. v. Technovare, et al.,</u> Case No. SA 14-cv-00580 AG-(JPRx), that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.


_____


Dated: _____, 20___

41826-5600.0110/LEGAL122799409.1